UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JODY ANN LEAVITT GIGUERE,      )
                                )
                    Plaintiff    )
                                )
v.                              )          1:19-cv-00008-JAW
                                )
STATE OF MAINE, et al.,         )
                                )
                    Defendants   )

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

A pro se plaintiff filed a complaint against three state judges and the state governor, complaining that they violated her rights during divorce and child custody proceedings. Reviewing the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court dismisses the complaint because it seeks federal court review of state court decisions in violation of the *Rooker-Feldman* doctrine and because the state officials are immune from suit for actions in their official capacities.

## I.    BACKGROUND

On January 7, 2019, Jody Giguere filed a complaint in this Court, with a jury demand, against three Maine District Court Judges, Deputy Chief Judge Susan Sparaco, Judge Valerie Stanfill, and Judge Charles Dow, as well as Governor Janet Mills, based on her dissatisfaction with state court proceedings regarding child custody and her divorce. *Compl.* (ECF No. 1). On the same day, Ms. Giguere filed a motion for leave to proceed in forma pauperis, *Mot. for Leave to Proceed in Forma*

*Pauperis* (ECF No. 2), which the Magistrate Judge granted on January 8, 2019. *Order granting Mot. for Leave to Proceed in Forma Pauperis* (ECF No. 3).

## II.    LEGAL STANDARD

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, the court asks "whether the well-pleaded factual allegations, viewed in the light most favorable to the plaintiff, state a claim for which relief may be granted." *Small Justice LLC v. Xcentric Ventures LLC*, 873 F.3d 313, 321 (1st Cir. 2017) (quoting *Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972),

this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011).

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *Walczak v. Mass. State Retirement Bd.*, 141 F.3d 1150 (1st Cir. 1998) (unpublished) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16

3

(1923)). Here, Plaintiff complains about the decisions of and the process followed by several state court judges. In other words, Plaintiff challenges the validity of decisions of the state court and the consequences of the decisions. To grant Plaintiff the relief she seeks, the Court would have to vacate or invalidate a series of state court judgments. Plaintiff is thus precluded by the *Rooker-Feldman* doctrine from pursuing such relief in this Court.

In the event Plaintiff seeks relief against the state court judges not be governed by the *Rooker-Feldman* doctrine, Plaintiff fails to state an actionable claim because the judges have absolute immunity from suit. "Judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities." *Butz v. Economou*, 438 U.S. 478, 511 (1978). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Rather, the immunity can only be overcome in two instances. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id.* at 11-12 (citations omitted).

In this case, Plaintiff has not alleged that the judges committed any acts outside their official capacity and there is nothing in the Complaint to suggest the state court lacked jurisdiction. In addition, § 1983 precludes injunctive relief against a judicial officer "unless a declaratory decree was violated or declaratory relief was

unavailable." 42 U.S.C. § 1983. In this case, there are no allegations that either a declaratory decree was violated or declaratory relief was unavailable. *See Peters v. Noonan*, 871 F. Supp. 2d 218, 226-27 (W.D.N.Y. 2012) (noting that the judge named as a defendant in that action was sued in his official capacity and there were no allegations that a declaratory decree was violated or that declaratory relief was unavailable). Given that the judges are immune from suit, and because Plaintiff has alleged no facts that would support a finding that the immunity is not applicable to the facts alleged in this case, Plaintiff has failed to state a claim upon which she can recover against the defendant judges.

Plaintiff has also joined the state of Maine and the state's Governor as Defendants. As Plaintiff alleges a constitutional violation and seeks to invoke this Court's federal question jurisdiction, any such claim would be asserted pursuant to 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. …

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under § 1983, a plaintiff must establish: "1) that the conduct

complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

The State of Maine is not a person for purposes of § 1983 and, consequently, Plaintiff has failed to state a section 1983 claim against the State. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64, 71 (1989); *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity."). Plaintiff, therefore, cannot maintain a claim against the state. In addition, Plaintiff has alleged no facts that would support a claim against the Governor. After review of Ms. Giguere's complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court dismisses the complaint.

## IV. CONCLUSION

The Court DISMISSES the Complaint (ECF No. 1).


SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of March, 2019